In the Matter of the Application of Lewis Forest Lindal for Admission to the Bar.— Application granted.

Firman Ouderkirk and Another, Appellants, v. Bayless Pulp and Paper Company and Others, Appellants.— Motion for leave to appeal to Court of Appeals granted, without costs, and questions for review certified.

Mary A. Powers, Respondent, v. Village of Moravia, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to Court of Appeals denied.

Union Trust Company of Rochester, Appellant, v. John N. Rauber, Respondent.— Interlocutory judgment reversed, with costs and demurrer overruled, with costs, with leave to defendant to plead over upon payment of the costs of the demurrer and of this appeal, upon the opinion of Robson, J., in the case of *Union Trust Co.* v. *Sickels (ante,* p. 105), decided at this term of court. All concurred.

Union Trust Company of Rochester, Appellant, v. Thomas R. Finucane, Respondent.— Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendant to plead over upon payment of the costs of the demurrer and of this appeal, upon the opinion of Robson, J., in the case of *Union Trust Co.* v. *Sickels (ante,* p. 105), decided at this term of court. All concurred.

Rheims Wine and Vineyard Company, Appellant, v. Lake Keuka Vintage Company, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concurred.

In the Matter of Proving the Last Will and Testament and Codicil of Henry Darwin Didama, Deceased. Elma E. Annas, Individually and as Executrix, etc., of Henry Darwin Didama, Deceased, Appellant; James B. Brooks and Others, Respondents.— Decree of Surrogate's Court reversed, with costs to appellant and one bill of costs to respondents on this appeal, payable out of the estate, and a trial of the following issues of fact directed to be had by and before a jury in the Supreme Court at a term thereof to be convened in the city of Syracuse, in and for the county of Onondaga, on the first Monday in May, 1908, to wit: *First.* 1. Did Henry D. Didama possess testamentary capacity at the time of the execution of the alleged will bearing date June 15, 1904 ? 2. Was the execution of said alleged will procured by fraud or undue influence practiced upon him ? *Second.* 1. Did Henry D. Didama possess testamentary capacity at the time of the execution of the alleged codicil bearing date May 3, 1905? 2. Was the execution of said alleged codicil procured by fraud or undue influence practiced upon him ? Held, there is sufficient doubt as to the correctness of the decision refusing probate to the will and codicil of the alleged testator, so that the questions of fact should be passed upon by a jury as provided in section 2588 of the Code of Civil Procedure. All concurred, except McLennan. P. J., not voting.

Fred W. Rogers, Appellant, v. Cassius M. Hovey, Respondent.— Judgment affirmed, with costs. All concurred.

William N. D. Bird, Respondent, v. Albert G. Hatch, Appellant.— Interlocutory judgment affirmed, with costs. All concurred.

Mary I. Higgins, as Administratrix, etc., Respondent, v. Lake Shore and Michigan Southern Railroad Company, Appellant.— Judgment and order